UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSHUA JARED PRATHER**,

    Plaintiff,

v.                            **CIVIL NO. 06-1248 MCA/DJS**

**THE STATE OF NEW MEXICO, THE CENTRAL INTELLIGENCE AGENCY (MAIN CORPORATE OFFICE), THE OFFICE OF THE PRESIDENCY OF THE UNITED STATES OF AMERICA, CONSTITUTION OF THE UNITED STATES, THE CONGRESS OF THE UNITED STATES GOVERNMENT**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is a *pro se*, *in forma pauperis* action brought pursuant to 42 U.S.C. §1983. This matter is before the Court *sua sponte* to review Plaintiff's complaints pursuant to 28 U.S.C. §1915(e)(2). Plaintiff has sought to proceed without prepayment of fees or costs and has submitted an affidavit in support of that application.

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff

could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* Plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that the plaintiff's complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In this action Plaintiff makes conclusory and incoherent allegations. Further, Plaintiff fails to state any cognizable claim and names a number of Defendants who are immune from suit.

Reviewing the complaint as a whole, no action by any government official is alleged. To establish a cause of action under §1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Plaintiff does not name individual defendants, but rather the state of New Mexico, the Office of the President, the Congress, the Central Intelligence Agency, and the Constitution of the United States, which is not an entity capable of being sued. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. This Amendment "immunizes states from suits in law or equity, including injunctive actions." Elam Constr., Inc. v. Reg'l Transp. Dist., 129 F.3d 1343, 1345 (10th Cir.1997) (per curiam); see also Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.1995) (per curiam) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.").

Under his request for relief, Plaintiff states that he is entitled to "complete I-9 Fairchild support needed and judicial allotment needed", a federal order for employment in the city of

Albuquerque Police Department, and reinstatement to all positions that were given at the beginning of his employment as well as restitution of "all rights and titles". These remedies are not available pursuant to §1983, which provides for damages for violation of Constitutional rights, rather than equitable relief.

**IT IS THEREFORE ORDERED**  that the complaint is dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**